IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JERRY NOLAN**,

    Plaintiff,                                                                                                       No. CV 08-1111-MO

    v.                                                                                                                         OPINION AND ORDER

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.

**MOSMAN, J.**,

    Plaintiff Jerry Nolan moves for the approval of attorney fees of $35,450.00 pursuant to 42 U.S.C. § 406(b). (Mot. for Att'y Fees (#24).) This figure represents 22 percent of the claimant's retroactive benefits and would be in addition to $5,500 in fees already awarded under the Equal Access to Justice Act ("EAJA"). (Order (#23) 1.)

    Agreements that provide fees that exceed 25 percent of past-due benefits are unenforceable under 42 U.S.C. § 406(b)(1)(A). Within this boundary, the attorney bears the burden of "show[ing] that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In testing the fee agreement for reasonableness, I am required to consider the character of the representation, the results achieved, delay caused by the attorney, and the amount of time spent on the case. *Id.* at 808. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id.*

Considering these factors, I find this fee unreasonable. Mr. Nolan's counsel, Tim Wilborn, spent 35.45 hours representing Mr. Nolan. Summing the requested attorney fees with the EAJA fee already received, Mr. Wilborn's total payment would be $40,950.00, which is an hourly rate of $1,155.15. Mr. Wilborn attempts show this fee is reasonable by arguing that the average hourly non-contingent billing rate in Portland is $244.00/hour. Oregon State Bar, 2007 Economic Survey, http://www.osbar.org/_docs/ resources/07EconSurvey.pdf (last visited Apr. 4, 2011). He adds 17% to this amount to account for inflation over the last two years, and adds a 2.92 multiplier for the added risk of contingencies. (Mem. in Support (#25) 5.) With this he argues that an hourly rate of $832.20[1] is reasonable, but then requests an hourly rate 39% higher than this amount.

While no lodestar calculation is required, *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), Mr. Wilborn bears the burden of showing that his fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Mr. Wilborn has supported the reasonableness of his fee with faulty assumptions, for which I take minor deductions. First, he has inadvertently neglected to deduct the fees already received under the EAJA. Ignoring those fees would leave Mr. Wilborn demanding 34% of the amount of past benefits, so I deduct this amount. *See* U.S.C. § 406(b) (limiting attorney fees to "25 percent of the total of the past-due benefits.").

Mr. Wilborn also seems to have inadvertently applied a 17% multiplier to account for inflation that did not happen until after he had done his work. I deduct this amount. Also, even after accounting generously for increased risks and variability, he does not explain why it is reasonable to pay him 39% more than even he attempts to justify. Therefore, I grant Mr. Wilborn the full amount he has argued is reasonable: $19,757.42.[2] This reduces his request by the amount

---

[1] $244 average non-contingent rate × 1.17 for inflation × 2.92 contingincy multiplier = 832.20/hour after rounding.
[2] $244 × 2.92 contingency multiplier × 35.45 hours − $5,500 EAJA fees = $19,757.42.

of inflation that did not occur, the entirely unexplained premium, and the amount of EAJA fees already awarded. While counsel is entitled to be paid for his efforts, the mistakes and miscalculations in this submission should not be repeated in future submissions.

    IT IS SO ORDERED.

    DATED this  6th  day of April, 2011.

    /s/ Michael W. Mosman
    MICHAEL W. MOSMAN
    United States District Court