IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JERRY NOLAN**,

    Plaintiff,                                                                  No. CV 08-1111-MO

    v.                                                                           OPINION AND ORDER

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.

    **MOSMAN, J.**,

    Mr. Nolan's counsel, Tim Wilborn, asks me to reconsider his award of attorney fees under 42 U.S.C. § 406(b). He objects to my denial of a 17% premium to account for inflation since 2007. I grant Mr. Wilborn's request to closely consider the survey information he has submitted, but decline to modify my prior ruling to account for inflation.

1 – OPINION AND ORDER

Mr. Wilborn bases this inflation figure on an infographic summarizing a study by an in-house consulting firm. (Memo. in Support (#29) 2.) The infographic alleges that between the years 2007 and 2009 the average associate billing rate increased 17%. The summary does not provide any methodology. It does not describe whether the sample was for attorneys in Portland or nationwide. It does not differentiate between years of experience or practice areas, and it does not distinguish between contingency rates and hourly rates. Mr. Wilborn has failed to meet his burden of showing that the requested fee is reasonable, and this additional information adds nothing to the analysis, so I decline to reconsider my prior decision. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (holding that the claimant's attorney bears the burden of showing that the fee sought is reasonable).

As part of Mr. Wilborn's request, I have also taken a closer look at the Oregon Bar Economic Survey that he asked me to rely on in determining the reasonableness of his fees. In doing so I notice that my prior order neglected to take into account the lower hourly rates charged by attorneys whose offices are located in Clackamas County. Mr. Wilborn has not shown why it is reasonable to charge his client the rate billed in another city. At this stage of the proceeding, I do not further reduce Mr. Wilborn's fees in light of this discrepancy.  But in the future, his fee requests should reflect what a claimant might reasonably expect to pay in Clackamas County.

Finally, Mr. Wilborn points out that he already deducted the EAJA fees he was previously awarded from his fee request under 42 U.S.C. § 406(b). Language in my prior opinion mentioned that his § 406(b) fee request still included the EAJA fee.  Mr. Wilborn argues that this oversight led me to deduct the EAJA fee from his § 406(b) fees after he had already done so, in effect deducting his EAJA fee twice.  However, when I made a downward departure

2 – OPINION AND ORDER

from his requested award I did so considering what a reasonable attorney fee would be given the nature of this case and representation. Once I determined that amount, I deducted his EAJA fee only once.[1] So while this does not change his fee award, I welcome this correction for the sake of accuracy.

In light of these changes, I GRANT Mr. Wilborn's motion for reconsideration (#28), and after fully reconsidering, I GRANT him the full amount of attorney fees he has shown to be reasonable: $19,757.42.

IT IS SO ORDERED.

DATED this  26th  day of April, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

---

[1] $244 × 2.92 contingency multiplier × 35.45 hours – $5,500 EAJA fees = $19,757.42.

3 – OPINION AND ORDER